IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| K.R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-CV-299-WKW |
| | ) |
| BACKPAGE.COM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff, a formerly underage victim of Alabama's illicit sex trafficking industry, brought this lawsuit in Alabama state court pursuant to Alabama Code § 13A-6-157, which creates a civil cause of action for victims of sex trafficking. She named a long list of defendants. Three of them were added because of their affiliation with the hotels where Plaintiff was victimized (Choice Hotels International, Inc., Veda LLC, Nirav Joshi; collectively, "Hotel Defendants"). One was her former pimp (Santiago Alonso, *i.e.*, "Alonso"). The rest were individuals and companies responsible for operating the website Backpage.com ("Backpage Defendants"), which was the site Alonso used to advertise Plaintiff's sexual services to potential clients. Backpage Defendants removed the case to federal court on the ground that Plaintiff had fraudulently misjoined Alonso and the Hotel Defendants,

both of whom are citizens of Alabama ("Alabama Defendants"), in an effort to defeat federal jurisdiction. (Doc. # 1.) Plaintiff then filed a Motion to Remand to state court, arguing that the Alabama Defendants were properly joined. (Doc. # 33.) On June 26, 2017, the Magistrate Judge filed a Recommendation (Doc. # 44), to which Backpage timely objected (Doc. # 48). For the reasons set forth below, and upon an independent and *de novo* review of the record and consideration of the Recommendation, Backpage's objections are due to be overruled, the Recommendation is due to be adopted, and the motion to remand is due to be granted.

## II. DISCUSSION

The Backpage Defendants make two arguments in their objections. First, they argue that the Magistrate Judge applied the wrong standard in determining whether the Alabama Defendants were fraudulently misjoined. And second, they argue that, even under the correct standard, the allegations in the complaint do not support the conclusion that Plaintiff's claims against Backpage are sufficiently connected to her claims against the Alabama Defendants, such that joinder is appropriate.

A.  **The Magistrate Judge applied the correct standard**

The joining of a resident defendant to defeat diversity jurisdiction is fraudulent joinder: "(1) if there is no [reasonable] possibility the plaintiff can prove a cause of action against the resident defendant; or (2) if there has been outright fraud

2

by the plaintiff in pleading jurisdictional facts." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 n.17 (11th Cir. 1996), *abrogated on other grounds in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Legg v. Wyeth*, 428 F.3d 1317, 1324 n.5 (11th Cir. 2005) (clarifying that "no possibility" means "[t]he potential for legal liability must be reasonable, not merely theoretical" (citations omitted)). *Tapscott* also identified a third category of fraudulent joinder: Even where the plaintiff can prove a cause of action against him, the resident defendant is fraudulently "misjoined" if the claims against him "have no real connection with the controversy." *Tapscott*, 77 F.3d at 1360.

Focusing on a single sentence from the Recommendation, the Backpage Defendants argue that the Magistrate Judge applies the standard for fraudulent *joinder* (the first *Tapscott* category), rather than *misjoinder* (the third *Tapscott* category), when he writes: "There is nothing trivial or far-fetched in the claims against [the Alabama] defendants." (Doc. # 44, at 10.) But Backpage's myopic analysis ignores the rest of the opinion. Just before that sentence, the Magistrate Judge analyzes the extent to which the claims against the Backpage Defendants have "a real connection" with the claims against the Alabama Defendants, concluding that:

> the alleged actions of the Backpage Defendants in engaging with Alonso, an Alabama resident defendant, to advertise the sexual services of a minor child, which services were carried out in a Dothan Alabama Quality Inn owned and operated by Veda and Joshi, and resulted in

3

injury to K.R., arise from the same operative facts or series of occurrences.

(Doc. # 44, at 9.) The Magistrate Judge's analysis applies the correct standard—that is, whether the claims against the allegedly misjoined defendants "have no real connection with the controversy." For this reason, Backpage's first argument is without merit.

B. **The Complaint supports the Magistrate Judge's conclusion**

The Backpage Defendants next argue that Plaintiff fails to plead facts sufficient to establish that her claims against them have a "real connection" with her claims against the Alabama defendants. They argue that the Magistrate Judge relies on "conclusory allegations," rather than "specific factual allegations," to conclude otherwise. (Doc. # 48, at 6.)

Again, buying Backpage's argument would require the court to ignore entire paragraphs from the Recommendation. To quote the Magistrate Judge:

> K.R. alleges the liability of Backpage and the other Defendants under Alabama's anti human-trafficking statute. Her allegations reference Backpage's creation of a multimillion-dollar advertising platform that caters to pimps and sex traffickers in order to benefit financially from illegal prostitution and sex trafficking, including the sexual exploitation, trafficking, and victimization of children, including K.R. She cites to the findings of the Senate Report entitled "Backpage.com's Knowing Facilitation of Online Sex Trafficking" that summarizes the role www.backpage.com and its founders and officers (James Larkin, Michael Lacey, and Carl Ferrer) have played in the criminal industry of sex trafficking. She describes Backpage's practices and procedures of altering its "adult" advertisements before publication by deleting words, phrases, and images indicative of criminality, including child

4

> sex trafficking, in order to conceal evidence of criminality, and which knowingly facilitated illegal prostitution and child sex trafficking.
>
> She alleges the combined actions of all the named Defendants caused her injuries and that she would be prejudiced significantly if she could not present all of her claims in a single action. K.R. has alleged that all the Defendants conspired to cause her injuries and that her right to relief for her injuries arises out of the same series of occurrences which involve common questions of law and fact to all Defendants.

These allegations are more than enough to establish that the claims against the Backpage Defendants have a "real connection" with the claims against the Alabama Defendants. Thus, Backpage's second argument is also meritless.

## III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Backpage's objections (Doc. # 48) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. # 44) is ADOPTED;

3. Plaintiff's Motion to Remand (Doc. # 33) is GRANTED; and

4. This action is REMANDED to the Circuit Court of Houston County, Alabama.

The Clerk of the Court is DIRECTED to take all necessary steps to effectuate the remand.

DONE this 18th day of August, 2017.

          /s/ W. Keith Watkins
      CHIEF UNITED STATES DISTRICT JUDGE